IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HMC INCORPORATED, and<br>KARA DIPEITRO,<br><br>      Plaintiffs,<br>v.<br><br>COMPLETE BUSINESSS SOLUTIONS<br>GROUP, INC. and FAST ADVANCE FUNDING, LLC<br><br>      Defendants. | Civil Action No. 19-3285 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO
DISMISS BY DEFENDANT, COMPLETE BUSINESS SOLUTIONS
GROUP, INC. PURSUANT TO RULE 12(b)(6) FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Date: August 20, 2019

                John P. Hartley, Esquire
                Attorney No. 47106
                20 N. 3rd Street
                Philadelphia, PA  19106
                Tel.  215-922-2636 x 10157
                Email:  jhartley@parfunding.com
                Attorney for Complete Business
                Solutions Group, Inc.

## TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | PRELIMINARY STATEMENT | | 1 |
| II. | BACKGROUND | | 1 |
| III. | ARGUMENT | | 2 |
| | 1. | Standard Of Review | 2 |
| | 2. | Plaintiffs Have Waived Their Right To Claim Damages Against CBSG Because They Did Not Include Such Claims In Their Petition To Strike Or Open The Confessed Judgment | 2 |
| IV. | CONCLUSION | | 4 |

# TABLE OF AUTHORITIIES

**Cases**                                                                                           **Page(s)**

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ....................................................... 2

Korn v. Fleet-Air Corporation, 446 A.2d 945 (Pa. Super 1982)................................ 2, 3

WP 940 Associates, L.P. v. Bottger, 2015 WL 7572271 (Pa. Super. 2015) ................... 4


**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(6) .................................................................................. 2

## I. PRELIMINARY STATEMENT

Comes now Defendant, Complete Business Solutions Group, Inc. (hereafter "CBSG"), and, pursuant to Federal Rule of Civil Procedure 12(b)(6) moves this Court for the dismissal of Plaintiffs' claims as to CBSG for failure to state a claim upon which relief can be granted. As set out in more detail below, Plaintiffs are barred from making the claims they have stated against CBSG because Plaintiffs have filed a Petition to Open the Confessed Judgment entered in favor of CBSG in the matter before this Court styled as *Complete Business Solutions Group, Inc. v. HMC Incorporated and Kara DiPeitro,* before the U.S. District Court for the Eastern District of Pennsylvania, Case No. 2:19-cv-02777-JS (hereafter the "Petition"). According to Pa. Rule of Civil Procedure 2959(c), "[a] party waives all defenses and objections which are not included in the petition or answer." Therefore, Plaintiffs have waived all of the claims made against CBSG in the present matter, and, therefore, the Complaint, as it relates to CBSG, should be dismissed.

## II. BACKGROUND

On May 14, 2019 CBSG began the matter styled as *Complete Business Solutions Group, Inc. v. HMC Incorporated and Kara DiPeitro* in the Philadelphia County Court of Common Pleas, Case No. 190501349, by way of filing a Confession of Judgment against HMC Incorporated (hereafter "HMC") and Kara DePeitro. On June 19, 2019 HMC and Ms. DiPeitro filed a Petition seeking to have the Confessed Judgment stricken or opened. A copy of that Petition (without Exhibits) is attached hereto as Exhibit A.

On July 1, 2019 HMC and Ms. DiPeitro filed a Notice of Removal with the Philadelphia County Court of Common Pleas, moving the matter to this U.S. District Court as Case No. 2:19-cv-02777-JS. Subsequently, HMC and Ms. DiPeitro filed the present action against CBSG and Fast Advance Funding, LLC (hereafter "FAF"), as Case No. 19-3285 (hereafter the

1

"Complaint"). A copy of the Complaint, without Exhibits, is attached hereto as Exhibit B. However, HMC and Ms. DiPeitro are barred from bringing a second action against CBSG, as all of HMC's and Ms. DePeitro's claims against CBSG should have been plead in the Petition to strike or open, and these claims have been waived.

As can be seen from a review of the Complaint and the Petition, they are both predicated on the same transactions. *See for example,* the paragraphs beginning at 52 of the Complaint and 14 of the Petition ("December 19, 2018 Loan," "February 27, 2019 Loan," "CBSG Concedes Stealing From HMC," "CBSG Concedes Adding $884,652.84 In Fraudulent Charges To HMC," "CBSG Starts Harassing HMC's Customers"). *See also* the Complaint, paragraphs 8, 9, 11, 12, 14, 15, 16, 17, 21, 103, 104, 117 through 128 and 129 through 135, all of which address the confession of judgment action.

### III. ARGUMENT

#### 1. Standard Of Review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a Motion to Dismiss under Rule 12(b)(6) is to eliminate baseless claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

#### 2. Plaintiffs Have Waived Their Right To Claim Damages Against CBSG Because They Did Not Include Such Claims In Their Petition To Strike Or Open The Confessed Judgment.

As held in *Korn v. Fleet-Air Corporation*, 446 A.2d 945, 946-947 (Pa. Super 1982):

> The issues which may be raised at trial upon the opening of a confessed judgment are determined by Pa.R.C.P. No. 2960, which provides in relevant part as follows:
>
>> If a judgment is opened in whole or in part the issues to be tried shall be defined by the complaint if a complaint has been filed, and by the petition,

2

> answer and the order of the court opening the judgment. There shall be no further pleadings ... (fn. 2. This rule is complemented by Pa.R.C.P. No. 2959(c) which provides: "A party waives all defenses and objections which he does not include in his petitions or answer.")

Further,

> "[w]hen a confessed judgment is opened on the basis of the defendant's petition setting forth his defenses on the merits, defendant may not thereafter amend to include additional defenses, not included within the original defenses. Clarifying or supplementary amendments are permitted." Goodrich Amram 2d § 2960.1. Cf. *Malicia v. Proietta Catering and Cocktail Lounge, Inc.*, 270 Pa.Super. 342, 411 A.2d 751 (1979).

> In the instant case, the issues were framed by appellant's complaint, which had been filed with the judgment notes, and by appellee's petition to open and appellant's answer thereto. Although clarifying amendments to these pleadings may be filed, if necessary and otherwise proper, it would be improper for appellee after judgment had been opened, to amend its petition to assert new defenses or counterclaims. To the extent that the trial court's order allowed such amendments, it was erroneous.

*Id.* at 947.

Finally,

> The trial court was correct, therefore, when it defined the issues to be decided at trial to include "claims, defenses or counterclaims" pleaded in appellee's petition to open the judgment. Any other interpretation of the procedural rules would have required two separate trials instead of one in order to adjudicate the respective rights and liabilities of the parties. The record before us discloses no good reason for embarking upon such an absurd misuse of judicial time and resources, not to mention inconvenience to the parties.

> Pursuant to the trial court's order, the litigation can now proceed to trial on the issues framed by pleadings which have already been filed. Those pleadings, however, cannot be amended to allege new defenses or counterclaims.

*Id.*

3

In *WP 940 Associates, L.P. v. Bottger*, 2015 WL 7572271, *6 (Pa. Super. 2015), the Superior Court held that the trial court erred when it allowed the petitioner damages because the petition to open the confessed judgment did not contain a counterclaim or affirmatively request damages. The same is true here. Plaintiffs did not seek a counterclaim or damages in their Petition to open the confessed judgment. They are likewise prohibited from bringing a separate action seeking damages against CBSG arising from the same relationship which is the basis of the confession of judgment action.

### IV. CONCLUSION

WHEREFORE, Defendant, Complete Business Solutions Group, Inc., respectfully requests that its Motion to Dismiss be granted, and that the present Complaint, as to Complete Business Solutions Group, Inc., be dismissed.

Date: August 20, 2019

Respectfully Submitted,

_____
John P. Hartley, Esquire
Attorney No. 47106
20 N. 3rd Street
Philadelphia, PA  19106
Tel.  215-922-2636 x 10157
Email:  jhartley@parfunding.com
Attorney for Complete Business Solutions Group, Inc.