**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HMC INCORPORATED, and<br>KARA DIPIETRO,<br><br>       Plaintiffs,<br><br> v.<br><br>COMPLETE BUSINESSS SOLUTIONS<br>GROUP, INC. and FAST ADVANCE FUNDING, LLC<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 19-3285

**DEFENDANT, FAST ADVANCE FUNDING, LLC'S ANSWER TO PLAINTIFFS'**
**COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**ANSWER**

Comes now Defendant, Fast Advance Funding, LLC (hereafter "FAF"), and, for its

Answer to the number paragraphs set out in the Complaint filed by Plaintiffs, HMC Incorporated

(hereafter "HMC") and Kara DiPietro (hereafter "Ms. DiPietro"), states as follows:

  1.  FAF denies ever acting in a fraudulent or extortionate manner.[1]  The balance of

this paragraph is argument, to which no response is required.  To the extent that a response is

required, the balance of the averments in this paragraph are denied.

  2.  FAF denies ever acting in a fraudulent manner. To the extent that this paragraph

refers to the agreement between FAF and Plaintiffs, FAF states that this agreement is the best

evidence of the nature of the relationship between the parties.  To the extent that the averments in

this paragraph vary from the agreement between the parties, those averments are denied. The

---

[1]  In fact, within 5 days of Plaintiffs taking $100,000.00 from FAF they breached their agreement with FAF and shut off FAF's ability to receive any additional funds.

balance of this paragraph is argument, to which no response is required.  To the extent that a response is required, the balance of the averments in this paragraph are denied.

3.      FAF denies that it conspired with anyone or that it ever acted in a fraudulent manner.  The balance of this paragraph is argument, to which no response is required.  To the extent that a response is required, the balance of the averments in this paragraph are denied.

4.      FAF denies ever acting in a fraudulent, harassing, threatening, deceptive or illegal manner.  The balance of this paragraph is argument or calls for legal conclusions, to which no response is required.  To the extent that a response is required, the balance of the averments in this paragraph are denied.

5.      FAF denies that it ever stole money from Plaintiffs or that it ever acted in a fraudulent manner.  To the extent that a response is required to the balance of the paragraph, the averments in the balance of the paragraph are denied.

6.      The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

7.      The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

8.      The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.  Further, FAF denies that Plaintiffs were not in breach of their agreement with FAF at the time.

9.      FAF does not have sufficient information to admit or deny the averments in this paragraph, and denies same.

10.      FAF denies debiting any money from Plaintiffs' bank account during this period.

11.      FAF denies the averments in this paragraph.

12.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

13.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

14.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

15.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

16.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

17.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

18.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

19.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

20.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

21.     FAF denies that Plaintiffs were not in default under the agreement with FAF.  Plaintiffs had defaulted on that agreement within 5 days of entering into the agreement.  The balance of the averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, the balance of those averments are denied.

22.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

23.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

24.     This paragraph calls for a legal conclusion, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

25.     FAF admits these averments on information and belief.

26.     FAF admits these averments on information and belief.

27.     Admitted.

28.     Denied in part.  FAF is a Pennsylvania limited liability company.  The balance of the averments in the paragraph are admitted.

29.     This paragraph calls for a legal conclusion, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

30.     FAF admits these averments on information and belief.

31.     FAF admits these averments on information and belief.

32.     Admitted.

33.     Admitted.

34.     This paragraph calls for a legal conclusion, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

35.     FAF admits these averments on information and belief.

36.     FAF admits these averments on information and belief.

37.     FAF is without information to admit or deny the averments contained in this paragraph, and denies same.

4

38.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

39.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

40.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

41.     FAF notes that the timeframe seems off, as it is not yet October 3, 2019.  FAF believes Plaintiffs mean 2018.  The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

42.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

43.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

44.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

45.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

46.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

47.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

48.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

49.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

50.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

51.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

52.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

53.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

54.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

55.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

56.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

57.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

58.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

59.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

60.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

61.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.  However, FAF notes that HMC did not allow FAF access to its bank account at around the same time, in breach of its agreement with FAF.

62.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

63.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

64.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

65.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

66.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

67.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

68.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

69.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

70.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

71.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

72.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

73.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

74.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.  However, FAF notes that HMC did not allow FAF access to its bank account at around the same time, in breach of its agreement with FAF.

75.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

76.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

77.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

78.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

79.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

80.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

81.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

82.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

83.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

84.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

85.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

86.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

87.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

88.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

89.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

90.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

91.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

92.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

93.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

94.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

95.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

96.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

97.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

98.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

99.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

100.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

101.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

102.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

103.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

104.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

105.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

106.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

107.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

108.     FAF incorporates the foregoing answers as if set forth in full herein.

109.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

110.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied. However, FAF does note that HMC agreed to allow FAF to debit HMC's accounts, but, that HMC breached the agreement between them by not allowing this debiting after five days.

111.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

112.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

113.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

114.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

115.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

116.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

117.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

118.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

119.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

120.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

121.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

122.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

123.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

124.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

125.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

126.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

127.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

128.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

129.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

130.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

131.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

132.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

133.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

134.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

135.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

136.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

137.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

138.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

139.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

140.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

141.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

142.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

143.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

144.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

145.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

146.    FAF incorporates the foregoing answers as if set forth in full herein.

147. FAF objects to this paragraph as it is irrelevant and argumentative, and no response is required. FAF notes that the contract between it and Plaintiffs is based on Pennsylvania law, which does not place a limit on interest in business transactions of this kind. To the extent that a response is required, the averments in this paragraph are denied.

148. FAF objects to this paragraph as it is irrelevant and argumentative, and no response is required. FAF notes that the contract between it and Plaintiffs is based on Pennsylvania law, which does not place a limit on interest in business transactions of this kind. To the extent that a response is required, the averments in this paragraph are denied.

149. FAF objects to this paragraph as it is irrelevant and argumentative, and no response is required. FAF notes that the contract between it and Plaintiffs is based on Pennsylvania law, which does not place a limit on interest in business transactions of this kind. To the extent that a response is required, the averments in this paragraph are denied.

150. FAF objects to this paragraph as it is irrelevant and argumentative, and no response is required. FAF notes that the contract between it and Plaintiffs is based on Pennsylvania law, which does not place a limit on interest in business transactions of this kind. To the extent that a response is required, the averments in this paragraph are denied.

151. FAF objects to this paragraph as it is irrelevant and argumentative, and no response is required. FAF notes that the contract between it and Plaintiffs is based on Pennsylvania law, which does not place a limit on interest in business transactions of this kind. To the extent that a response is required, the averments in this paragraph are denied.

152. FAF objects to this paragraph as it is irrelevant and argumentative, and no response is required. FAF notes that the contract between it and Plaintiffs is based on

Pennsylvania law, which does not place a limit on interest in business transactions of this kind. To the extent that a response is required, the averments in this paragraph are denied.

153.    FAF objects to this paragraph as it is irrelevant and argumentative, and no response is required.  FAF notes that the contract between it and Plaintiffs is based on Pennsylvania law, which does not place a limit on interest in business transactions of this kind. To the extent that a response is required, the averments in this paragraph are denied.

154.    FAF objects to this paragraph as it is irrelevant and argumentative, and no response is required.  FAF notes that the contract between it and Plaintiffs is based on Pennsylvania law, which does not place a limit on interest in business transactions of this kind. To the extent that a response is required, the averments in this paragraph are denied.

155.    FAF objects to this paragraph as it is irrelevant and argumentative, and no response is required.  FAF notes that the contract between it and Plaintiffs is based on Pennsylvania law, which does not place a limit on interest in business transactions of this kind. To the extent that a response is required, the averments in this paragraph are denied.

156.    This paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, the averments in this paragraph are denied.

157.    This paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, the averments in this paragraph are denied.

158.    This paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, the averments in this paragraph are denied.

159.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

160.     This paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, the averments in this paragraph are denied.

161.     FAF denies that Joseph LaForte, Jr. has a controlling interest in FAF. Further, FAF denies that Joseph LaForte, Jr. manages and controls FAF through Par Funding. The balance of the averments in this paragraph do not address FAF. To the extent that the balance of the averments do address FAF, those averments are denied.

162.     This paragraph calls for legal conclusions, to which no response is required. To the extent that a response is required, the averments in this paragraph are denied.

163.     This paragraph calls for legal conclusions, to which no response is required. To the extent that a response is required, the averments in this paragraph are denied.

164.     This paragraph calls for legal conclusions. to which no response is required. To the extent that a response is required, the averments in this paragraph are denied.

165.     This paragraph calls for legal conclusions, to which no response is required. To the extent that a response is required, the averments in this paragraph are denied.

166.     This paragraph calls for legal conclusions, to which no response is required. To the extent that a response is required, the averments in this paragraph are denied.

167.     This paragraph calls for legal conclusions, to which no response is required. To the extent that a response is required, the averments in this paragraph are denied.

168.     FAF denies that Mr. LaForte is the principle owner and operator of FAF. The balance of the paragraph calls for legal conclusions, to which no response is required. To the extent that a response is required, the balance of the averments in this paragraph are denied.

169.     This paragraph calls for legal conclusions, to which no response is required. To the extent that a response is required, the averments in this paragraph are denied.

170.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

171.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

172.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

173.    FAF admits that its books, records and bank account are separate from CBSG. The balance of the averments in this paragraph do not address FAF.  To the extent that the balance of the averments do address FAF, those averments are denied.

174.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

175.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

176.    The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

177.    FAF denies that it is organized under the law of Delaware.  FAF admits that its books, records and bank account are separate from CBSG and Mr. LaForte.

178.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

179.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

180.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

181.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

182.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

183.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

184.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

185.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

186.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

187.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

188.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

189.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

190.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

191.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

192.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

193.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

194.    FAF incorporates the foregoing answers as if set forth in full herein.

195.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

196.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

197.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

198.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

199.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

200.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

201.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

202.    This paragraph calls for legal conclusions, to which no response is required.  To the extent that a response is required, the averments in this paragraph are denied.

203.    FAF incorporates the foregoing answers as if set forth in full herein.

204.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

205.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

206.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

207.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

208.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

209.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

210.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

211.     The averments in this paragraph do not address FAF.  To the extent that the averments do address FAF, those averments are denied.

WHEREFORE, Defendant, Fast Advance Funding, LLC, requests that the Complaint be dismissed with prejudice.  And that Defendant be awarded the costs of defending this matter, including attorney fees, and for such further relief as the Court deems just.

## **AFFIRMATIVE DEFENSES**

Defendant, Fast Advance Funding, LLC asserts the following affirmative defenses in response to Plaintiffs' Complaint:

1.     Plaintiffs have waived a trial by jury.

2.      Pennsylvania law applies to this matter, without regard to its conflict of law principles.

3.      The Complaint fails to state a claim upon which relief can be granted.

4.      Plaintiffs' claims are barred by the applicable statutes of limitation and doctrine of laches.

5.      Plaintiffs' claims are barred by res judicata, collateral estoppel, and related preclusion doctrines.

6.      Plaintiffs' claims are barred by the doctrines of equitable estoppel and unclean hands.

7.      Plaintiffs' claims cannot proceed because they have been waived.

8.      Plaintiffs' claims are barred because its alleged damages are the result of their own negligent conduct and negligent misrepresentations.

9.      Plaintiffs' claims are barred, in whole or in part, to the extent the doctrine of estoppel applies.

10.     Plaintiffs' claims are barred, in whole or in part, to the extent that they have unclean hands.

11.     Plaintiffs' claims are barred, in whole or in part, to the extent the doctrine of waiver applies.

12.     If Plaintiffs sustained injuries or damages as alleged in the Complaint, which damages and injuries are expressly denied, said damages and injuries occurred as a result of Plaintiffs' own acts or failures to act.

13.     Plaintiffs failed to mitigate the alleged damages.

14.     Plaintiffs knowingly and voluntarily assumed all risks associated with the Factoring Agreement in which they engaged and therefore are responsible for their own alleged damages.

WHEREFORE, Defendant, Fast Advance Funding, LLC, requests that the Complaint be dismissed with prejudice.  And that Defendant be awarded the costs of defending this matter, including attorney fees, and for such further relief as the Court deems just.

## COUNTERCLAIM

Comes now, Counterclaim Plaintiff, Fast Advance Funding, LLC, (hereafter ""FAF"), and, for its counterclaim against Counterclaim Defendants HMC Incorporated (hereafter "HMC") and Kara DiPietro (hereafter "Ms. DiPietro"), states as follows:

## THE PARTIES

1.     FAF is a Pennsylvania limited liability company with an office at 20 N. 3rd Street, Philadelphia, Pennsylvania, 19106.

2.     HMC is a Maryland corporation, with an address at 7190 Oakland Mills Road, #10, Columbia, MD.

3.     Ms. DiPietro is a resident and citizen of Maryland.

## FACTS

4.     Plaintiff and HMC entered into an Agreement For The Purchase And Sale Of Future Receivables dated May 3, 2019 (hereafter the "Agreement," a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference), pursuant to which HMC sold to FAF and FAF purchased from FAF HMC's future receivables (the "Receivables") under the terms set forth in the Agreement.

5.      Also in connection with HMC's execution of the Agreement, and as a condition precedent to its effectiveness, Ms. DiPietro executed an individual Guarantee (the "DiPietro Guaranty") personally guarantying HMC's obligations to FAF under the Agreement. (*See,* Exhibit A at p. 16-17).

6.      Pursuant to the terms of the Agreement, FAF purchased from HMC $336,472.50 worth of HMC's Receivables.

7.      Also pursuant to the terms to the Agreement, FAF paid to HMC the full purchase price of the Receivables (which included the payoff of an existing Agreement For The Purchase And Sale Of Future Receivables).

8.      HMC agreed to provide FAF $2,456.23 worth of Receivables on a daily basis for the period of 148 business days (the "Daily Specified Amount").

9.      HMC agreed to allow FAF access to HMC's bank account to take out payment for the Daily Specified Amount.

10.     Within five days of the execution of the Agreement, HMC denied FAF access to its bank account to pay the Daily Specified Amount.  This is a breach of the Agreement.

11.     Despite demand thereof, HMC has failed to pay to FAF the Daily Specified Amount, and HMC is in breach of the Agreement.

12.     Because HMC is in breach of the Agreement, FAF is entitled to, among other things, payment of the full amount of the unpaid Receivables purchased by FAF, less any amounts collected.

13.     FAF has repeatedly demanded that HMC deliver the Receivables required under the Agreement, and HMC has failed to do so, and FAF has been damaged thereby.

24

## COUNT I
### FAST ADVANCE FUNDING, INC. v. HMC INCORPORATED
### BREACH OF CONTRACT - THE AGREEMENT

14.     FAF incorporates herein all prior paragraphs contained in this Counterclaim as though set forth in full.

15.     HMC has failed to make the required payments due under the Agreement despite FAF having made demand for payment.

16.     HMC is in breach of the Agreement for failing to deliver the Receivables to FAF as required by the Agreement.

17.     HMC is in default under the terms of the Agreement in the amount of $349,455.04, which has been owed since HMC breached the Agreement on May 8, 2019. *See* the Payment History attached hereto as Exhibit B.

18.     The last payment received by FAF under the Agreement was November 30, 2018.

19.     HMC has failed and continues to fail to tender the obligations set forth herein, and FAF has been damaged thereby.

WHEREFORE, Counterclaim Plaintiff, Fast Advance Funding, LLC demands judgment in its favor and against Counterclaim Defendant HMC Incorporated for the sum of $349,455.04, plus costs, prejudgment interest, attorney fees, and such other relief as the Court deems just and proper.

## COUNT II
### FAST ADVANCE FUNDING, INC. v. HMC INCORPORATED
### UNJUST ENRICHMENT
### (in the alternative)

20.     FAF incorporates herein all prior paragraphs contained in this Counterclaim as though set forth in full.

21.     FAF conferred a benefit on HMC by paying HMC in full for the Receivables.

22.     HMC appreciated the benefit of the full payment for the Receivables by FAF to HMC.

23.     Under the circumstances, and in light of HMC's acceptance and retention of the benefit of FAF's payment in full for the Receivables, it would be unjust for HMC to not have to deliver payment of the balance of the Receivables for which FAF paid, and FAF has been damaged thereby.

WHEREFORE, Counterclaim Plaintiff, Fast Advance Funding, LLC demands judgment in its favor and against Counterclaim Defendant HMC Incorporated for the sum of $349,455.04, plus costs, prejudgment interest, attorney fees, and such other relief as the Court deems just and proper.

## COUNT III
## FAST ADVANCE FUNDING, LLC v. KARA DIPIETRO
## BREACH OF CONTRACT – DIPIETRO GUARANTY

24.     FAF incorporates herein all prior paragraphs contained in this Counterclaim as though set forth in full.

25.     Ms. DiPietro individually, jointly, severally, and unconditionally guaranteed payment of the sums due and owing to FAF by HMC under the Agreement.  *See* Exhibit A at page 16-17.

26.     Ms. DiPietro is in breach of the DiPietro Guaranty for failing to satisfy HMC's payment obligations under the Agreement, which payment obligations HMC has failed and refused to make, and FAF has been damaged thereby.

WHEREFORE, Counterclaim Plaintiff, Fast Advance Funding, LLC demands judgment in its favor and against Counterclaim Defendant Kara DiPietro for the sum of $349,455.04, plus costs, prejudgment interest, attorney fees, and such other relief as the Court deems just and proper.

Respectfully Submitted,

Date:  August 23, 2019

John P. Hartley, Esquire
Attorney No. 47106
20 N. 3rd Street
Philadelphia, PA  19106
Tel.  215-922-2636 x 10157
Email:  jhartley@parfunding.com
Attorney for Fast Advance
Funding, LLC