# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HMC INCORPORATED, <br><br> and <br><br> KARA DIPIETRO, individually, <br><br>               Plaintiffs, <br><br>    v. <br><br> COMPLETE BUSINESS SOLUTIONS GROUP, INC. d/b/a PAR FUNDING and FAST ADVANCE FUNDING, INC., <br><br>               Defendants. | CIVIL ACTION NO. 19-cv-3285 <br><br> JURY TRIAL DEMANDED |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**WHITE AND WILLIAMS LLP**
Shane R. Heskin
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
(215) 864-6329
heskins@whiteandwilliams.com
*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................................1

BACKGROUND ............................................................................................................................1

ARGUMENT .................................................................................................................................3

I.     PLAINTIFFS WERE NOT REQUIRED TO RAISE THEIR AFFIRMATIVE CLAIMS IN THE PETITION. ........................................................................................3

II.    THE MOTION SHOULD BE DENIED BECAUSE THE PETITION IS STILL PENDING. ...................................................................................................................5

      A.    Striking the judgment will moot the Motion ............................................................5

      B.    The Petition can be amended. .................................................................................7

CONCLUSION ..............................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Advance-Rumely Thresher Co. v. Frederick*,
   98 Pa. Super. 560 (Pa. Super. 1930) ...............................................................................6, 7

*Bethlehem Steel Corp. v. Tri State Indus., Inc.*,
   290 Pa. Super. 461, 434 A.2d 1236 (Pa. Super. 1981) ........................................................5

*Birdsoboro Mun. Auth. v. Reading Co.*,
   2000 Pa. Super. 231, 758 A.2d 222 (Pa. Super. 2000) ........................................................4

*Complete Business Solutions Group, Inc. v. NG Consulting Services, LLC*,
   No. 03192, 2017 Phila. Ct. Com. Pl. LEXIS 142 (Pa. Ct. Com. Pl. Feb. 15,
   2017) ..................................................................................................................................6, 7

*Consolidation Coal Co. v. District 5*,
   336 Pa. Super. 354, 485 A.2d 1118 (Pa. Super. 1984) ........................................................5

*Hunsicker v. Breaman*,
   402 Pa. Super. 347, 586 A.2d 1387 (1991) .........................................................................4

*Huntington Nat'l Bank v. K-Cor, Inc.*,
   107 A.3d 783 (Pa. Super. 2014) ..........................................................................................8

*J.M. Korn & Son, Inc. v. Fleet-Air Corp.*,
   300 Pa. Super. 458, 446 A.2d 945 (Pa. Super. 1982) ......................................................7, 8

*Karp v. Fidelity-Phenx Fire Ins. Co.*,
   134 Pa. Super. 514, 4 A.2d 529 (Pa. Super. 1939) ..............................................................6

*Liazis v. Kosta, Inc.*,
   421 Pa. Super. 502, 618 A.2d 450 (Pa. Super. 1992) ..........................................................7

*Likely Lost, Inc. v. Nolano*,
   No. 00705, 2016 Phila. Ct. Com. Pl. LEXIS 161 (Pa. Ct. Com. Pl. June 27,
   2016) .....................................................................................................................................5

*Martin v. Poole*,
   232 Pa. Super. 263, 336 A.2d 363 (Pa. Super. 1975) ......................................................3, 4

*Mistick Inc. v. City of Pittsburgh*,
   166 Pa. Commw. 294, 646 A.2d 642 (Pa. Commw. Ct. 1994) ...........................................4

*Ramos v. LVNV Funding, LLC*,
   No. 18-5496, 2019 U.S. Dist. LEXIS 75792 (E.D.Pa. May 3, 2019) ..................................4

*Resolution Trust Corp. v. Copley Qu-Wayne Assocs.*,
    546 Pa. 98, 683 A.2d 269 (1996) .................................................................................5

*Sobol v. Will Allen Builders, Inc.*,
    244 Pa. Super. 486, 368 A.2d 825 (Pa. Super. 1976) ..................................................4

*Winfree v. Philadelphia Electric Co.*,
    520 Pa. 392, 554 A.2d 485 (1989) .................................................................................5

*WP 940 Associates, L.P. v. Bottger*,
    No. 1139 EDA 2014, 2015 Pa. Super. Unpub. LEXIS 375, 120 A.3d 1047 (Pa.
    Super. Ct. Mar. 25, 2015) .............................................................................................7

**OTHER AUTHORITIES**

Pa. R. Civ. P. 1031 ...............................................................................................................1, 3, 4,7

Pa. R. Civ. P. 2959 .....................................................................................................................1, 3

Plaintiffs HMC Incorporated ("HMC") and Kara DiPietro ("DiPietro") (collectively "Plaintiffs"), respectfully, submit the within Memorandum of Law in opposition to the Motion to Dismiss [ECF No. 5] the Complaint [ECF No. 1] filed by Complete Business Solutions Group Inc. ("CBSG") and state as follows:

## PRELIMINARY STATEMENT

The Motion is respectfully frivolous. Contrary to Defendants' contention, Plaintiffs do not waive all *claims* if not asserted within a Petition to Strike or Petition to Open a Confessed Judgment (the "Petition").[1] Under the plain language of Pa. R. Civ. P. 2959(c), a petitioner is only required to raise "defenses and objections" to the judgment. Nothing in Rule 2959 or any other provision of Pennsylvania law requires a petitioner to also assert affirmative claims when seeking to strike or open a judgment. This is so because Pennsylvania law does not recognize the compulsory counterclaim rule. Rather, under Pa. R. Civ. P. 1031, counterclaims are permissive, not mandatory, and a defendant, therefore, has the option of pursuing affirmative relief through a counterclaim or as part of a separate action. Thus, a defendant is permitted to do exactly what was done here, namely, assert defenses to the judgment in a petition and assert affirmative claims in a separately filed complaint. Accordingly, the Motion presents no grounds to dismiss the Complaint, and it should be denied in its entirety.

## BACKGROUND

Plaintiffs' claims in this action arise out of CBSG's attempts to extort millions of dollars through numerous outrageous and unlawful tactics. As set forth more fully in the Complaint,

---

[1] Plaintiffs timely removed the state court action to this court and identified it as related to the present matter. *See Complete Business Solutions Group, Inc. v. HMC Incorporated and Kara DiPietro*, United States District Court for the Eastern District of Pennsylvania, Case No. 19-cv-02777 (JS). The Court has scheduled a hearing for the Petition matter on September 19, 2019. See a copy of the Petition to open the confession of judgment, Dkt No. 19-cv-2777, ECF no. 7, and a copy of CBSG's answer to the same, ECF No. 4.

between February 26, 2018 and October 3, 2019, Plaintiffs and CBSG entered into twenty-four separate merchant cash agreements (the "Loan Agreements") pursuant to which CBSG advanced Plaintiffs certain funds in exchange for the purported purchase of HMC's future receivables. The advanced funds were repaid via daily ACH withdrawals by CBSG. (Complaint, ¶¶ 38-43).

Over a period of several months, CBSG abused its access to HMC's bank accounts and stole more than $1.4 million through unauthorized withdrawals. When Plaintiffs dared to question CBSG about the unauthorized debits and requested the return of the $1.4 million that was stolen, the owner of CBSG demanded that Plaintiff DiPietro execute a repurchase agreement for $11,940,053.45 and threatened to "blow up" her house if she did not comply. (Complaint, ¶¶ 5-6, 52-50). CBSG thereafter immediately filed a complaint for a confession of judgment (the "COJ") and obtained a judgment (the "Judgment") against HMC and DiPietro for more than $11 million even though the Plaintiffs had already repaid CBSG more than $9 million of this amount and CBSG's general counsel admitted, in writing, that, at most, there is "only a little over 3.3 mil due and owing on the amount funded to HMC." (Complaint, ¶¶ 12-13, 72-80, 117-128).

Armed with the fraudulently obtained Judgment, CBSG executed upon HMC's corporate bank accounts as well as the personal bank accounts of DiPietro. (Complaint, ¶¶ 71-81, 101-102) CBSG also emailed thousands of UCC lien notices to Plaintiffs' account debtors, business contacts, and anyone else associated with the Plaintiffs in a transparent attempt to tarnish Plaintiffs' business reputations and economically extort payment of the full amount of the fraudulently obtained Judgment even though CBSG knew it had no right to the amounts alleged in the Judgment. (Complaint, ¶¶ 136-145).

Plaintiffs timely filed their Petition to strike or open the Judgment based upon various grounds and timely removed the action to this Court. *See Complete Business Solutions Group,*

2

*Inc. v. HMC Incorporated and Kara DiPietro*, United States District Court for the Eastern District of Pennsylvania, Case No. 19-cv-02777 (JS).  The Court has set September 19, 2019 as a hearing date for the Petition.

Thereafter, Plaintiffs commenced this action by filing the Complaint [Doc. No. 1] seeking damages for fraud, breach of contract, and various RICO violations.  CBSG now seeks to dismiss the Complaint on the sole ground that Plaintiffs waived the right to allege these affirmative claims by failing to assert them in the Petition.

## ARGUMENT

### I. PLAINTIFFS WERE NOT REQUIRED TO RAISE THEIR AFFIRMATIVE CLAIMS IN THE PETITION.

CBSG's motion to dismiss is based upon the fundamentally flawed presumption that Plaintiffs were required to assert their RICO and other affirmative claims in the Petition.  There is no such requirement under Pennsylvania law.  Pursuant to Pa. R. Civ. P. 2959, a defendant may challenge a confessed judgment by filing a petition to open or to strike.  *See* Pa. R. Civ. P. 2959(a)(1).  Although the petition must include "all defenses and objections" to the confessed judgment, there is no requirement that a party must include a counterclaim in its petition to open or strike a judgment.  *See* Pa. R. Civ. P. 2959(a)(c).  This is so because Pennsylvania does not have a compulsory counterclaim rule.  *See Martin v. Poole*, 232 Pa. Super. 263, 269, 336 A.2d 363, 366 (Pa. Super. 1975).

Under Pa. R. Civ. P. 1031, a defendant "*may* set forth in the answer under the heading "Counterclaim" any cause of action cognizable in a civil action that the defendant has against a plaintiff at the time of filing the answer."  Pa. R. Civ. P. 1031(a) (emphasis added).  However, a defendant is not required to do so.  The drafter's use of the word "may" in the rule indicates that "the defendant is not required to pursue the cause of action raised in the counterclaim in the same

3

proceeding, but can file a separate suit." *Mistick Inc. v. City of Pittsburgh*, 166 Pa. Commw. 294, 297, 646 A.2d 642, 643 (Pa. Commw. Ct. 1994) (citing *Hunsicker v. Breaman*, 402 Pa. Super. 347, 350, 586 A.2d 1387, 1388 (1991); *see also Birdsoboro Mun. Auth. v. Reading Co.*, 2000 Pa. Super. 231, fn. 3, 758 A.2d 222, 225 (Pa. Super. 2000) (citing Rule 1031, court noted that "counterclaims . . . are permissive, not mandatory in Pennsylvania."). "The effect of this rule is that although [the defendant] is entitled to set forth a counterclaim in the answer, defendant is not precluded from subsequently maintaining any action against the plaintiff on a cause of action which was permitted as a counterclaim." *Sobol v. Will Allen Builders, Inc.*, 244 Pa. Super. 486, 491, 368 A.2d 825, 827 (Pa. Super. 1976) (citing *Martin*, 232 Pa. Super. at 270). Accordingly, Plaintiffs are not required to set forth their affirmative claims in the petition.

The court's decision in *Ramos v. LVNV Funding, LLC*, No. 18-5496, 2019 U.S. Dist. LEXIS 75792 (E.D.Pa. May 3, 2019) is instructive. In *Ramos*, LVNV Funding LLC ("LVNV") had commenced a state court debt collection action against Gloria Ramos arising out of her alleged failure to pay certain credit card debt. After successfully defending the state court action, Mrs. Ramos commenced a federal action alleging certain violations of the Fair Debt Collections Act (the "FDCA"). LVNV argued that she was precluded from asserting such claims because she had failed to raise them in the state court action. The *Ramos* court rejected LVNV's position on the grounds that under Pennsylvania law there is no compulsory counterclaim rule and, as result, "[w]here a defendant does not interpose a counterclaim although he is entitled to do so, he is not precluded thereby from subsequently maintaining an action against the plaintiff on the cause of action which could have been set up as a counterclaim." *Id.* at * 4 (citing *Hunsicker*, 402 Pa. Super. at 350). The same result is mandated here.

## II. THE MOTION SHOULD BE DENIED BECAUSE THE PETITION IS STILL PENDING.

The Motion will be mooted if (i) the Judgment is stricken or (ii) the Petition is amended.

### A. Striking the judgment will moot the Motion.

In addition to seeking to open the Judgment, the Petition also seeks to strike the Judgment. A petition to strike a judgment "is a common law proceeding which operates as a demurrer to the record." *Resolution Trust Corp. v. Copley Qu-Wayne Assocs.*, 546 Pa. 98, 106, 683 A.2d 269, 273 (1996) (citing *Bethlehem Steel Corp. v. Tri State Indus., Inc.*, 290 Pa. Super. 461, 470, 434 A.2d 1236, 1240 (Pa. Super. 1981). "An order of the court striking the judgment annuls the original judgment and the parties are left as if no judgment had been entered." *Id.* (citations omitted). Hence, "when a judgment is stricken, the original judgment is destroyed," *Winfree v. Philadelphia Electric Co.*, 520 Pa. 392, 407, 554 A.2d 485, 492 (1989), and there are no grounds for *res judicata* to apply to any subsequent action. *See Consolidation Coal Co. v. District 5,* 336 Pa. Super. 354, 362, 485 A.2d 1118, 1122 (Pa. Super. 1984) ("An essential prerequisite to the application of the doctrine of *res judicata* . . . is that a valid and final judgment on the merits has been entered in a previous action."). Indeed, the striking of a judgment moots the court's consideration of any simultaneously filed petition to open and places the parties in the exact position they would have been had a judgment not been entered. *See e.g., Likely Lost, Inc. v. Nolano*, No. 00705, 2016 Phila. Ct. Com. Pl. LEXIS 161 (Pa. Ct. Com. Pl. June 27, 2016) (granting petition to strike and declining to consider petition to open as moot).

The Petition asserts that the Judgment should be stricken because the record does not reflect that CBSG was authorized to file the COJ (Petition, ¶¶ 67-92). Among other things, the applicable Loan Agreements provide that a COJ may only be filed upon a breach of the agreements' representations and warranties. (Petition, ¶¶ 74-76). In response, CBSG admits the

5

COJ avers only that HMC "failed to deliver the purchase receivables in breach of the agreement," but claims that such averment is sufficient because "HMC was obligated under the representations and warranties to provide CBSG with all of its future accounts receivable as they are created." (Answer, 76). However, like the COJ, the Answer fails to identify any specific representation or warranty that was breached by HMC. *See Advance-Rumely Thresher Co. v. Frederick*, 98 Pa. Super. 560, 562 (Pa. Super. 1930) (holding that a confessed judgment must be stricken if the confession fails to aver an act or omission necessary for its entry.).

Moreover, the contention that payment of the allegedly purchased accounts receivable constitutes a representation or warranty conflates the long-recognized legal differences among these terms. Under Pennsylvania law, a representation is a statement of fact, a warranty is an agreement that the stated fact is as warranted and a covenant is a promise to perform or refrain from performing some future act. *See Karp v. Fidelity-Phenx Fire Ins. Co.*, 134 Pa. Super. 514, 517, 4 A.2d 529, 531 (Pa. Super. 1939). The Loan Agreements provide different remedies for breaches of the representations and warranties and breaches of its covenants. Only a breach of a representation or warranty gives rise to the right to file the COJ. CBSG failed to allege such a breach in the COJ and it fails to allege such a breach in the Answer. Accordingly, on this ground alone, the Judgment should be stricken and the parties left to litigate CBGS's claims and the claims asserted in this action as if the Judgment had never been entered.

Remarkably, CBSG has had a confession dismissed on this ground before and its pleadings still remain fatally deficient. *See Complete Business Solutions Group, Inc. v. NG Consulting Services, LLC*, No. 03192, 2017 Phila. Ct. Com. Pl. LEXIS 142, (Pa. Ct. Com. Pl. Feb. 15, 2017). The CBSG agreements in *NG Consulting,* like those at issue here, only permitted the filing of a complaint in confession of judgment upon the merchant's breach of the contracts' representations

6

and warranties. In obtaining the confessed judgment in *NG Consulting*, CBSG failed to aver that the merchant breached any representations and warranties and, as a result, the *NG Consulting* court struck the confessed judgment on the grounds that CBSG failed to plead the existence of conditions precedent to its entry. While CBGS attempts to distinguish the case on the basis that it was rendered by a trial court, the decision merely applied the long-standing principle that where "the authority to enter judgment is dependent upon some act or omission of the defendant, before a valid judgment can be entered there must be an averment of such default or delinquency." *Advance-Rumely Thresher Co. v. Frederick*, 98 Pa. Super. 560, 562 (Pa. Super. 1930). Under this principle, if a confession fails to contain the necessary averment, any resulting judgment must be stricken. *See id.* The same circumstances exist here. Thus, once the Judgment is stricken, the parties will be left in the same position they would have been if no judgment had been entered and HMC and DiPietro would be free to assert their present claims in a separate action. *See* Pa. R. Civ. P. § 1031(a).

      **B.**    **The Petition can be amended.**

Even if the Court were to determine that Judgment should be opened rather than stricken, HMC and DiPietro may still amend the Petition to incorporate the claims asserted in the Complaint. *See Liazis v. Kosta, Inc.*, 421 Pa. Super. 502, 508-09, 618 A.2d 450, 454 (Pa. Super. 1992) (petition deemed to include defenses and objections raised in companion cases and incorporated by reference in petition). As recognized by the cases relied upon by CBSG, *J.M. Korn & Son, Inc. v. Fleet-Air Corp.*, 300 Pa. Super. 458, 462, 446 A.2d 945, 947 (Pa. Super. 1982) and *WP 940 Associates, L.P. v. Bottger*, No. 1139 EDA 2014, 2015 Pa. Super. Unpub. LEXIS 375, *11, 120 A.3d 1047 (Pa. Super. Ct. Mar. 25, 2015), prior to entry of an order opening a judgment, a petitioner may amend a petition to assert new claims or defenses. To the extent the present claims are deemed to be a new matter, it is respectfully submitted that the Petition be amended to

incorporate such pleadings. *See J.M. Korn,* 300 Pa. Super at 462 (holding prior to the opening of a judgment, "clarifying or supplementary amendments are permitted."); *see also Huntington Nat'l Bank v. K-Cor, Inc.*, 107 A.3d 783, 787 (Pa. Super. 2014) ("[W]e hold that no strict prohibition of amendments [to a petition] is warranted [and] the decision whether to permit a petitioner to amend . . . is best left to the discretion of the trial court.").

## CONCLUSION

Plaintiffs submit that the present motion is respectfully baseless and should be denied for the reasons set forth herein.

Dated: September 3, 2019

**WHITE AND WILLIAMS LLP**

By: /s/ Shane R. Heskin

Shane R. Heskin
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
(215) 864-6329
heskins@whiteandwilliams.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Shane R. Heskin, Esquire, hereby certify that a true and correct copy of Plaintiffs' opposition to Defendant's motion to dismiss was served via ECF upon counsel of record on September 3, 2019.

**WHITE AND WILLIAMS LLP**

By: _____
         Shane R. Heskin

*Attorneys for Plaintiff*

23314484v.2