IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HMC INCORPORATED,<br><br>and<br><br>KARA DIPIETRO, individually,<br><br>                Plaintiffs,<br><br>v.<br><br>COMPLETE BUSINESS SOLUTIONS GROUP, INC. d/b/a PARR FUNDING and FAST ADVANCE FUNDING, INC.,<br><br>                Defendants. | CIVIL ACTION NO.19-cv-3285 |

## **PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIM**

Plaintiff HMC Incorporated ("HMC") and Kara DiPietro ("DiPietro") (collectively "Plaintiffs") by and through their counsel, White and Williams LLP, hereby answer Defendant Fast Advance Funding, Inc.'s ("FAF") Counterclaims as follows:

Plaintiffs incorporate the averments of their Complaint as if fully set forth herein.

## **THE PARTIES**

1. Admitted.

2. Admitted.

3. Admitted.

## FACTS

4. The May 3 Agreement documents speak for themselves. As a result, no response is required. Moreover, to the extent that this Paragraph attempts to characterize those documents, it states a legal conclusion, as to which no response is required or necessary.

5. The May 3 Agreement documents speak for themselves. As a result, no response is required. Moreover, to the extent that this Paragraph attempts to characterize those documents, it states a legal conclusion, as to which no response is required or necessary.

6. The May 3 Agreement documents speak for themselves. As a result, no response is required. Moreover, to the extent that this Paragraph attempts to characterize those documents, it states a legal conclusion, as to which no response is required or necessary.

7. The May 3 Agreement documents speak for themselves. As a result, no response is required. Moreover, to the extent that this Paragraph attempts to characterize those documents, it states a legal conclusion, as to which no response is required or necessary.

8. The May 3 Agreement documents speak for themselves. As a result, no response is required. Moreover, to the extent that this Paragraph attempts to characterize those documents, it states a legal conclusion, as to which no response is required or necessary.

9. The May 3 Agreement documents speak for themselves. As a result, no response is required. Moreover, to the extent that this Paragraph attempts to characterize those documents, it states a legal conclusion, as to which no response is required or necessary.

10. The averments of paragraph 10 of Defendants' Counterclaim set forth conclusions of law as to which no response is required. To the extent that a response is deemed required, these averments are denied.

11. The averments of paragraph 11 of Defendants' Counterclaim set forth conclusions of law as to which no response is required. To the extent that a response is deemed required, these averments are denied.

12. The averments of paragraph 12 of Defendants' Counterclaim set forth conclusions of law as to which no response is required. To the extent that a response is deemed required, these averments are denied.

13. The averments of paragraph 13 of Defendants' Counterclaim set forth conclusions of law as to which no response is required. To the extent that a response is deemed required, these averments are denied.

**COUNT I**
**FAST ADVANCE FUNDING, INC. v. HMC INCORPORATED**
**BREACH OF CONTRACT- THE AGREEMENT**

14. To the extent that this Paragraph attempts to characterize any documents or allegations, it states a legal conclusion, as to which no response is required or necessary.

15. Denied. The averments of paragraph 15 of Defendants' Counterclaim set forth conclusions of law as to which no response is required. To the extent that a response is deemed required, these averments are denied.

16. The averments of paragraph 16 of Defendants' Counterclaim set forth conclusions of law as to which no response is required. To the extent that a response is deemed required, these averments are denied.

17. The averments of paragraph 17 of Defendants' Counterclaim set forth conclusions of law as to which no response is required. To the extent that a response is deemed required, these averments are denied.

18. Denied.

19. Denied. The averments of paragraph 19 of Defendants' Counterclaim set forth conclusions of law as to which no response is required. To the extent that a response is deemed required, these averments are denied.

## COUNT II
## FAST ADVANCE FUNDING, INC. v. HMC INCORPORATED
## UNJUST ENRICHMENT

20. To the extent that this Paragraph attempts to characterize any documents or allegations, it states a legal conclusion, as to which no response is required or necessary.

21. Denied.

22. Denied.

23. The averments of paragraph 23 of Defendants' Counterclaim set forth conclusions of law as to which no response is required. To the extent that a response is deemed required, these averments are denied.

## COUNT III
## FAST ADVANCE FUNDING, LLC v. KARA DIPIETRO
## BREACH OF CONTRACT – DIPIETRO GUARANTY

24. To the extent that this Paragraph attempts to characterize any documents or allegations, it states a legal conclusion, as to which no response is required or necessary.

25. The May 3 Agreement documents speak for themselves. As a result, no response is required. Moreover, to the extent that this Paragraph attempts to characterize those documents, it states a legal conclusion, as to which no response is required or necessary.

26. The averments of paragraph 26 of Defendants' Counterclaim set forth conclusions of law as to which no response is required. To the extent that a response is deemed required, these averments are denied.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

### FIRST DEFENSE
### (Failure to State a Claim)

FAF's Counterclaims, and each and every averment set forth therein, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (Duress)

The May 3 Agreement is invalid and unenforceable as it was entered by Plaintiffs under duress.

### THIRD DEFENSE
### (Unconscionability)

The May 3 Agreement is invalid and unenforceable because it is unconscionable.

### FOURTH DEFENSE
### (Extortion)

The May 3 Agreement is invalid and unenforceable it was the result of Defendants' extortion practices.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered in their favor and against FAF, dismissing FAF's Counterclaims with prejudice.

WHITE AND WILLIAMS LLP

*[signature]*

Shane R. Heskin
1650 Market Street, Suite 1800
Philadelphia, PA 19103
(215) 864-6329
heskins@whiteandwilliams.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I Shane R. Heskin, hereby certify that on September 13, 2019, the foregoing Plaintiff's Answer to Defendants' Counterclaim was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

BY: _____
Shane R. Heskin, Esq.

23412888v.1