**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HMC INCORPORATED and<br>KARA DIPIETRO,<br><br>Plaintiffs,<br><br>v.<br><br>COMPLETE BUSINESS SOLUTIONS<br>GROUP, INC. d/b/a PAR FUNDING and<br>FAST ADVANCE FUNDING, INC.,<br><br>Defendants. | Civil Action No. 19-cv-03285-JS |

**DEFENDANTS COMPLETE BUSINESS SOLUTIONS GROUP, INC. AND FAST
ADVANCE FUNDING, INC.'S MOTION TO FILE DOCUMENT UNDER SEAL**

Defendant Complete Business Solutions Group, Inc. d/b/a Par Funding and Fast Advance Funding, Inc. (collectively, "Defendants"), by and through their attorneys Fox Rothschild LLP, hereby file this motion seeking leave to file Exhibit "100" to their Motion for Summary Judgment under seal, and in support thereof aver:

1.      The parties in this case previously executed an agreed-upon Protective Order, which was entered by the Court on February 26, 2020. *See* ECF Nos. 32, 34.

2.      The Protective Order provided in relevant part that information marked as "Confidential" may only be disclosed to certain, non-public parties, and that any party seeking to file a document under seal may move the Court for such relief. *See* ECF No. 34, at ¶¶ 4-13, 22.

3.      In connection with their contemporaneously-filed Motion for Summary Judgment, Defendants seek to submit Exhibit "100," a spreadsheet produced in discovery as CBSG(HMC)0024482.  This Exhibit was generated by Defendants' accounting department, and sets forth a summary of all of Defendants' transactions with Plaintiff HMC Incorporated ("HMC").

1

Defendants produced this document marked as "Confidential" in accordance with the parties'
Protective Order.  *See* ECF No. 34, at ¶ 4.

4.      Because of the sensitive nature of the information contained therein, the Defendants
herein move to file it under seal.

5.      Pursuant to Federal Rule of Civil Procedure 5.2(d), the Court "may order that a
filing be made under seal without redaction."

6.      Local Rule 5.1.5(a) states, "A document in a civil action may be filed under seal
only if:  (1) the civil action is brought pursuant to a federal statute that prescribes the sealing of
the record or of certain specific documents; or (2) the Court orders the document sealed."

7.      Courts in the Third Circuit apply a balancing test to determine whether there is good
cause for sealing, consisting of the following factors: "(1) the interest in privacy of the party
seeking protection; (2) whether the information is being sought for a legitimate purpose or an
improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would
be particularly serious; (4) whether the information sought is important to public health and safety;
(5) whether sharing of the information among litigants would promote fairness and efficiency; (6)
whether the party benefitting from the order of confidentiality is a public entity or official; and (7)
whether the case involves issues important to the public." *Byars v. Sch. Dist. of Philadelphia*, No.
12-121, 2015 WL 500165, at *2 (E.D. Pa. Feb. 5, 2015) (quoting *Arnold v. Pennsylvania, Dep't of
Transp.*, 477 F.3d 105, 108 (3d Cir. 2007)); *Huertas v. Transunion, LLC,* No. 08-2009, 2008 WL
11406148, at *1 (D.N.J. Sept. 5, 2008) (granting motion to seal); *Crum & Crum Enterprises, Inc.
v. NDC of California, L.P.*, No. 09-145 RBK, 2011 WL 886356, at *3 (D. Del. Mar. 10, 2011)
(same). The vast majority of these factors inure in favor of sealing.

8.      The accounting of Defendants' transactions with HMC exclusively concern agreements and payments between private entities and does not concern public health or public safety, nor does its sealing benefit public entities and officials. Moreover, there is also no concern with fairness and efficiency as a result of a sealing order, as all parties to the case have access to the spreadsheet. Sealing is merely intended to prevent disclosure of private financial terms between private businesses, confidential and proprietary information that need not be disclosed to the public. Courts have sealed similar documents. *See*, *e.g.*, *Goldenberg v. Indel, Inc.*, No. 09-5202 , 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal exhibits where "the nature of the exhibits sought to be sealed are business agreements which contain commercially sensitive and proprietary non-public business information, [and] confidential financial information," including "financial spreadsheets showing calculations of payments made" among entities).

9.      Additionally, as set forth above, the parties in this case have executed a Protective Order governing and prohibiting the disclosure of confidential materials, and the parties previously agreed and set forth therein that such information was to remain confidential and not be disclosed to the public.

10.      Contemporaneous with Defendants' filing of this Motion and their Motion for Summary Judgment, Defendants will provide the Court and counsel for Plaintiffs a copy of this document.

11.      Due to the brief nature of this Motion, Defendants are not submitting a brief herewith.

12.      For these reasons, it is respectfully requested that the Court grant the motion for leave to file document under seal.

WHEREFORE, Defendants respectfully request that the Court grant its Motion and permit

Defendants to file the aforementioned document under seal as Exhibit "100" in connection with

their Motion for Summary Judgment.

Dated: July 23, 2020                                    Respectfully submitted:

                                                       **FOX ROTHSCHILD LLP**

                                                       By: /s/ Brett A. Berman
                                                       Brett A. Berman
                                                       2000 Market Street, 20th Floor
                                                       Philadelphia, PA 19103-3222
                                                       Telephone: (215) 299-2842
                                                       Fax: (215) 299-2150
                                                       bberman@foxrothschild.com

                                                       Jonathan D. Christman
                                                       10 Sentry Parkway
                                                       Suite 200, P.O. Box 3001
                                                       Blue Bell, PA 19422
                                                       Telephone: (610) 397-6500
                                                       Fax: (610) 397-0450
                                                       jchristman@foxrothschild.com

                                                       *Attorneys for Defendants Complete Business*
                                                       *Solutions Group, Inc. d/b/a Par Funding*
                                                       *and Fast Advance Funding, Inc.*

# CERTIFICATE OF SERVICE

I, Brett A. Berman, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon the following:

Shane R. Heskin
William H. Fedullo
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
heskins@whiteandwilliams.com
fedullow@whiteandwilliams.com

*Attorneys for Plaintiffs HMC Incorporated and Kara DiPietro*

By: /s/ Brett A. Berman
     Brett A. Berman

Dated: July 23, 2020